Scofield', J.,
delivered the opinion of the court:
Claimant’s intestate contracted with the Postmaster-General to carry the mail once a week between Little Osage and Carthage, in the State of Missouri, from July 1,1858, to July 1,1862, for $450 a year. He carried the mail under this contract to the last of December, 1861, when it was discontinued by order of the Postmaster-General. His services were paid for to July 1, 1861. Since then he has not been paid by the defendants nor by the Confederate States.
*155 Owing to the disturbed condition of the country he was unable to make regular trips for two weeks in July and two in December, 1861. The court has found that there is still due him for services after July 1, 1861, the sum of $152.43.
These facts having been found, only one question of law, and that involving the jurisdiction of the court over the subject-matter of the claim, remains for our determination.
If the allowance of the claim depended solely upon the contract and service the court could not consider it at all. It accrued more than six years before the petition was filed, and our jurisdiction would be cut off by section 1069 of the Revised Statutes. Other things, however, have intervened.
In the Sundry civil appropriation Act, March 3,1877 (19 Stat. L., 344, 362, ch. 105), is the following provision:
u That the sum of $375,000, or so much thereof as may be necessary, be appropriated to pay the amount due to mail contractors for mail service performed in the States of Alabama, Arkansas, Florida, Georgia, Kentucky, Louisiana, Mississippi, Missouri, North Carolina, South Carolina, Texas, Tennessee, Virginia, and West Virginia, in the years 1859,1860,1861, and before said States respectively engaged in war against the United States; and the provisions of 3480 of Revised Statutes of the United States shall not be applicable to the payments therein authorized: Provided, That any such claims which have been paid by the Confederate States government shall not be again paid.”
In order that the claims embraced in this appropriation might be paid pro rata, in case it should be found insufficient to cover them all, the Secretary of the Treasury directed that none should be paid until all should have been received and adjusted. In consequence of this order no claims were paid within two years. The whole appropriation, as the law requires, was therefore returned to and covered into the Treasury. The claimant sues to recover the amount to which he might have been entitled under the lapsed appropriation.
Under these circumstances, as the court lias several times held, the bar of the statute is removed and the claim brought within our jurisdiction. (Hukill's Case, 16 C. Cls. R., 562; Huffman's Case, 17 id., 55; and George's Case, 18 id., 432.) The case of George, last cited, is, in all essential facts, identical with the case at bar.
The judgment of the court is that the claimant recover the sum of $152.43.